IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HENRY AVILEZ, FRANCISCO CERVANTES, GERMAN FLORES, OCTOVIO HERNANDEZ, RAUL JIMENEZ, RICARDO JIMENEZ, and HECTOR RAMOS,<br><br>**Plaintiffs and Counter Defendants,**<br><br>vs.<br><br>E & K OF OMAHA, ELIASON AND KNUTH DRYWALL, INC., OF LINCOLN; MANAGED SUBCONTRACTORS INTERNATIONAL, INC.; EAGLE MANAGED SUBCONTRACTORS, INC.; EAGLE FINISHING SERVICES, INC.;<br><br>**Defendants, Counter Claimants, and Cross-Claimants.** | CASE NO. 8:03CV235<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on four motions submitted by Eliason & Knuth of Omaha, Inc., and Eliason & Knuth Drywall, Inc., of Lincoln (together "E&K"): (1) Motion to Dismiss Counter-Claim and Cross-Claims (Filing No. 60); (2) Motion to Strike Notice (Filing No. 66); (3) Motion to Vacate or Modify Arbitrator's Award (Filing No. 68); and (4) Motion to Stay (Filing No. 71); and one motion submitted by Managed Subcontractors International, Inc. ("MSI"), Eagle Managed Subcontractors, Inc. ("EMS"), and Eagle Finishing Services, Inc. ("EFS") (collectively "Eagle/MSI"): (5) Motion to Confirm Arbitration Award (Filing No. 76). For the reasons stated below, the motions of E&K will be denied, and the Arbitrator's Award will be confirmed.

## BACKGROUND

The Plaintiffs brought this action against E&K and Eagle/MSI, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and Nebraska law

governing payment of wages, Neb. Rev. Stat. § 48-1230 (Reissue 2004).  (First Amended Complaint, Filing No. 42).  E&K and Eagle/MSI responded with counterclaims against the Plaintiffs and cross-claims against each other.  (Filings No. 43 and 45).  On March 22, 2004, E&K and Eagle/MSI filed a stipulation to stay the cross-claim proceedings pending arbitration.  (Filing No. 46).  In the stipulation, E&K and Eagle/MSI noted that they had agreed to arbitration regarding *any controversy or dispute* between them pursuant to the Federal Arbitration Act, and they demanded such arbitration.  The Court stayed the cross-claims pending arbitration (Filing No. 50) and dismissed the Plaintiffs' claims and the counterclaims against the Plaintiffs, pursuant to the parties' stipulation (Filings No. 55 and 56).

On April 5 through 8, 2005, D.C. "Woody" Bradford (the "Arbitrator") presided over the arbitration of the cross-claims.  On April 11, 2005, E&K filed a motion to dismiss the claims of EMS and EFS, alleging that those companies were dissolved in the State of Georgia at the end of 2004 and had no authority to transact business in the State of Nebraska at the time of the arbitration proceedings.  (Filing No. 60).  On April 18, 2005, EMS and EFS obtained certificates from the Nebraska Secretary of State, authorizing them to transact business in Nebraska.  (Filing No. 63, Ex. 3).  On April 29, 2005, the Arbitrator addressed E&K's motion to dismiss, and denied the motion (Filing No. 65, Ex. A).  On May 5, 2005, EMS and EFS filed a Notice of Action in Related Case, informing the Court of the Arbitrator's action (Filing No. 65), and E&K moved to strike the Notice (Filing No. 66).

On May 25, 2005, the Arbitrator issued an Award, finding that E&K materially breached various Vendor Agreements with Eagle/MSI; that E&K's cross-claims against Eagle/MSI should be dismissed; that E&K should pay Eagle/MSI damages in the amount

of $315,957.64 and attorney fees in the amount of $169,095.36; and that certain administrative costs should be borne equally by the parties. (Filing No. 76, Ex. A, "Award").

On June 24, 2005, E&K moved to vacate or modify the Arbitrator's Award (Filing No. 68); and stay the implementation of the Award (Filing No. 71). On July 5, 2005, Eagle/MSI moved to confirm the Award. (Filing No. 76).

## STANDARD OF REVIEW

Federal policy supports arbitration, and doubts concerning the scope of an arbitration agreement are construed in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25 (1983); *Fleet Boston Robertson Stephens, Inc. v. Innovex,* 264 F.3d 770, 773 (8th Cir. 2001).

> The Federal Arbitration Act ("FAA") provides:
>
> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration –
> (1) Where the award was procured by corruption, fraud, or undue means.
> (2) Where there was evident partiality or corruption in the arbitrators, or either of them.
> (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
> (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.

The Eighth Circuit Court of Appeals has expressed "grave skepticism" that the parties to an arbitration agreement have any authority to heighten the standard of review set forth in the FAA. The Eighth Circuit Court has stated that *if* the parties *could* contract for a heightened judicial review, their intent to do so must be "clearly and unmistakably expressed." *Schoch v. Infousa., Inc.*, 341 F.3d 785, 789 (8th Cir. 2003), *citing UHC*

3

*Management Co. v. Computer Sciences Corp.*, 148 F.3d 992, 998 (8th Cir. 1998). I find no "clear and unmistakable" expression of an intent of the parties in this case for a heightened judicial review of the decision of the Arbitrator.

In addition to the statutory reasons for vacating arbitration awards, the Eighth Circuit Court of Appeals has recognized two "extremely narrow" judicially created standards for vacating an arbitration award. First, an arbitrator's award can be vacated if it is "completely irrational," meaning "it fails to draw its essence from the agreement." *Schoch*, 341 F.3d at 788, citing *Boise Cascade Corp. v. Paper Allied-Indus. Chem & Energy Workers*, 309 F.3d 1075, 1080 (8th Cir. 2002). Second, an arbitrator's award can be vacated if it "manifests disregard for the law where the arbitrators clearly identify the applicable, governing law and then proceed to ignore it." (*Id.*). The Eighth Circuit Court of Appeals has said:

> We may not set an award aside simply because we might have interpreted the agreement differently or because the arbitrators erred in interpreting the law or in determining the facts. Although this result may seem draconian, the rules of law limiting judicial review and the judicial process in the arbitration context are well established and the parties here, both sophisticated in the realms of business and law, can be presumed to have been well versed in the consequences of their decision to resolve their disputes in this manner.

*Schoch*, 341 F.3d at 790-91, quoting *Stroh Container Co. v. Delphi Indus., Inc.*, 783 F.2d 743, 751 (8th Cir. 1986).

As long as the arbitrator was "even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *Bureau of Engraving v. Graphic Comm. Intern. Union,* 284 F.3d 821 (8th Cir. 2002), citing *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987).

With respect to modification of an arbitrator's award, the FAA provides:

> In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration –
> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.
> The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

9 U.S.C. § 11.

## ANALYSIS

**E&K's Motion to Vacate the Award in Whole or Part**

E&K presents three arguments for vacation of the Arbitrator's Award, in whole or in part:

*Certificates of Authority to Maintain Proceedings in Nebraska.*

Neb. Rev. Stat. § 21-20,169(1) (Reissue 1997) provides:

> A foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority.

E&K has submitted evidence that on April 8, 2005, EMS and EFS lacked certificates of authority to transact business as foreign corporations in the state of Nebraska. (Filing No. 62). E&K notes that all the FLSA claims were settled and dismissed before the arbitration proceedings began, and the remaining cross-claims were based on contract and must be interpreted under the law of the state of Nebraska. Therefore, E&K asserts that EMS and EFS needed certificates of authority to transact business in Nebraska in order to pursue their cross-claims. E&K cites *Rigid Component Systems v. Nebraska*

5

*Component Systems, Inc.*, 276 N.W.2d 659 (Neb. 1979), for the proposition that EMS and EFS had no right to cure this defect after the record in the arbitration proceeding was closed.

Even if Neb. Rev. Stat. § 21-20,169 were interpreted so broadly as to apply to arbitration proceedings arising out of a cross-claim in a federal court action, the Supreme Court's holding in *Rigid Component Systems* still does not support E&K's argument that the claims of EMS and EFS should be dismissed. The Nebraska Supreme Court said, "whenever the issue is raised and supported by proper proofs, the court may in its discretion limit the time for procuring a certificate or dismiss . . . ." *Id.* at 661. Contrary to E&K's assertion that the claims of EMS and EFS must be dismissed because their certificates of authority were not received before the close of the arbitration hearing, the Nebraska Supreme Court said "'[a] suit is deemed to be pending from the time it is commenced until its final determination.'" *Id.* at 660-61, quoting 1 Am.Jur.2d, Actions, §91, p. 620. In *Rigid Component Systems*, the Nebraska Supreme Court affirmed the district court's dismissal of the plaintiff's action because "the record is devoid of any offering to procure the certificate up to and including hearing in this court." *Id.* at 661. In this case, EMS and EFS procured their certificates 37 days *before* the Arbitrator issued his Award. The Arbitrator did not ignore the applicable law by denying E&K's motion to dismiss on April 29, 2005, or by proceeding with the entry of an Award on the EMS and EFS claims.

<u>Attorney</u> <u>Fees</u>

E&K argues that the Arbitrator had no authority to issue an award of attorney fees to Eagle/MSI as the prevailing party. The Arbitrator found that "under the provisions of the Vendor Agreements, the prevailing party is entitled to receive reasonable attorney fees and

6

expenses in connection with this Arbitration" and ordered E&K to pay $169,095.36 to Eagle/CSI for such attorney fees and expenses.  (Filing No. 76, Ex. A, ¶ 11).

E&K acknowledges that the Vendor Agreements provide that the prevailing party *"shall* be awarded an amount equal its reasonable attorney's fees incurred in connection with such arbitration, in addition to what other relief may be awarded."  (Filing No. 70, p. 7; Filing No. 69, Ex. 1 and 2, ¶¶ 36b, emphasis added).  E&K *itself* requested an award of attorney fees from the Arbitrator, but the request was denied because E&K was not the prevailing party.  (Filing No. 76, Ex. A, ¶ 7).

E&K now argues that, although the Nebraska Supreme Court has held that attorney fees may be awarded in non-judicial proceedings based on contract terms, arbitration is "quasi-judicial" and attorney fees should not be available.  The Nebraska Supreme Court said, "we hold that in a nonjudicial proceeding, a contract provision requiring payment of a reasonable attorney fee is not against public policy."  *Parkert v. Lindquist,* 693 N.W.2d 529, 532 (Neb. 2005).  "'It is not the province of the courts to emasculate the liberty of contract by enabling parties to escape their contractual obligations on the pretext of public policy unless the preservation of the public welfare imperatively so demands.'" *Id.*, quoting *Occidental Sav. & Loan Assn., v. Venco Partnership*, 293 N.W.2d 843, 849 (Neb. 1980).  E&K's argument, that an award of attorney fees pursuant to contract is unlawful in an arbitration proceeding in the state of Nebraska, is not a fair interpretation of the Nebraska Supreme Court's holding.

E&K also argues that the contract provisions, requiring an award of attorney fees to the prevailing party, are unconscionable and unenforceable under the standards articulated by the Eighth Circuit Court of Appeals in *Bob Schultz Motors v. Kawasaki Motors Corp.,* 334 F.3d 721 (8th Cir. 2003).  In *Bob Schultz Motors*, the *arbitrator* found that

7

an attorney fee clause providing that "[t]he prevailing party shall be entitled to recover from the nonprevailing party all costs and expenses of the arbitration, including without limitation, attorneys' fees," was unconscionable in a contract of adhesion. *Id.* at 726. The Eighth Circuit Court of Appeals held that it was for the *arbitrator*, not the courts, to determine whether an attorney fee provision in the parties' contract is unconscionable. "[O]nce the parties have proceeded to arbitration, they must address their claims to the arbitrator." *Id.* at 727.

### *Dismissal of State Court Action*

E&K argues that the Arbitrator had no authority to order the dismissal of E&K's claims in a pending Nebraska state court proceeding. The Arbitrator found that E&K's action against EMS in the district court of Douglas County, Nebraska, should be dismissed as to EMS, and certain payment bonds released. (Filing No. 76, Ex. A, ¶ 6). E&K alleges that its state court proceeding seeks payment from the bond company and is a separate matter from the cross-claims that were submitted to the Arbitrator pursuant to the parties' stipulation and the order of this Court. (Filings No. 46 and 50). The Arbitrator specifically recognized, however, that International Fidelity Insurance Company was not a party to the arbitration proceedings, and that the Arbitrator's findings would merely be advisory to the state court judge. (*Id.*).

Because the contracts between the parties provide that "[a]ny controversy or dispute between the parties, whether arising out of or in connection with this Agreement or otherwise, shall be resolved in an arbitration under the Federal Arbitration Act . . . ," the Arbitrator's finding with respect to the pending state court proceeding does draw its essence from the agreements and is not irrational. (Filing No. 76, Ex. B ¶36a.)

8

While I see no reason to vacate paragraph 6 of the Arbitrator's Award, addressing the state court action, I do not presume to direct the disposition of any state court proceedings of which I have very limited knowledge. E&K may present its arguments in this respect to the state court judge presiding over the action.

**E&K's Motion to Modify the Award**

Finally, E&K argues that the Arbitrator miscalculated lost profits under the contracts between the parties. Specifically, E&K contends that the Arbitrator must have calculated lost profits based on a 26-week period, and should have used a 30-day period. E&K argues that the agreements between the parties in effect at the time of the events in question were certain agreements between E&K and EFS that replaced EMS Agreements in April of 2005 [sic], and that the Arbitrator must have referred to the wrong agreements. (E&K Brief in Support of Motion to Vacate or Modify, Filing No. 70, p.12-13).

While 9 U.S.C. § 11 (a) permits a court to modify an arbitrator's award where there was an "evident material miscalculation of figures," the error that E&K alleges is much broader and would require the Court to reopen the record and consider evidence and arguments on questions of fact and law. Such an action would be inconsistent with the letter and the spirit of the FAA.

**Eagle/MSI's Motion to Confirm Award**

The FAA provides:

If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9

9 U.S.C. § 9.

The agreements between the parties specify that "[j]udgment upon any award rendered by the arbitrator may be entered in any court having jurisdiction thereof." (Filing No. 69, Ex. 1 ¶ 36c, Ex. 2, ¶36c; Filing No. 76, Ex. B, ¶¶ 36c). The motion to confirm is timely, and I have not vacated, modified, or corrected the Award. Accordingly, the Award will be confirmed.

## CONCLUSION

The Arbitrator's Award draws its essence from the parties' agreements, does not manifest disregard for the law, and contains no evident material miscalculation of figures. In accordance with the parties' agreements, Eagle/MSI's timely motion for a confirmation of the Award is granted.

IT IS ORDERED:

1) The Motion to Dismiss Counterclaim and Cross-Claims of Defendants Eagle Managed Subcontractors, Inc., and Eagle Finishing Services, Inc., submitted by Defendants E&K of Omaha, Inc., and E&K of Lincoln, Inc. (Filing No. 60) is denied;

2) The Motion to Strike Notice to Court of Action in Related Case submitted by Defendants E&K of Omaha, Inc., and E&K of Lincoln, Inc. (Filing No. 66) is denied;

3) The Motion to Vacate or Modify the Award or Arbitrator, submitted by Defendants E&K of Omaha, Inc., and E&K of Lincoln, Inc. (Filing No. 68) is denied;

4) The Motion to Stay the implementation of the Arbitrator's Award, submitted by Defendants E&K of Omaha, Inc., and E&K of Lincoln, Inc. (Filing No. 71) is denied; and

5) The Motion to Confirm Arbitration Award, submitted by Defendants Eagle Managed Subcontractors, Inc., Eagle Finishing Services, Inc., and Managed Subcontractors International, Inc. (Filing No. 76) is granted.

DATED this 5th day of August, 2005.

                                             BY THE COURT

                                             s/Laurie Smith Camp
                                             United States District Judge